**Continuing Abatement Order filed May 9, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00913-CV

_____

**LEON THOMAS, Appellant**

**V.**

**CHANDRA JONES, Appellee**

**On Appeal from the 58th District Court
Jefferson County, Texas
Trial Court Cause No. A-189,572-A**

## CONTINUING ABATEMENT ORDER

This is an appeal from a partial summary judgment granted in favor of Chandra Jones, which was made final by an order of severance. Jones sued appellant for personal injuries after an automobile accident. On March 15, 2013, appellant filed a motion to stay this appeal, accompanied by a notice of automatic stay. According to the motion and notice, Santa Fe Auto Insurance Company, appellant's insurer, has been placed into receivership by the State of Texas, pursuant to chapter 443 of the Texas Insurance Code. Section 443.008(d) of the

Texas Insurance Code provides for a stay of all judicial proceedings against any insured for a period of no less than 90 days after the receivership order. *See* Tex. Ins. Code § 443.008(d). Accordingly, on March 21, 2013, this court granted appellant's motion to stay this appeal and ordered the appeal **ABATED** for no less than ninety days from March 8, 2013, the date of the receivership order, until June 6, 2013, or such further time as ordered by the receivership court.

On May 2, 2013, appellant filed a notice in this court that Santa Fe Auto Insurance Company was declared insolvent and placed into liquidation by the 419th Judicial District Court of Travis County, Texas, in Cause No. D-1-GV-13-000204, styled *The State of Texas v. Santa Fe Auto Insurance Company.* In addition, the Texas Commissioner of Insurance designated Santa Fe as an impaired insurer effective April 5, 2013, pursuant to Official Order No. 2432.

According to Chapter 462 of the Texas Insurance Code, an automatic six month stay of this proceeding is mandated. *See* Tex. Ins. Code § 462.309. Therefore, this appeal is stayed until **October 7, 2013,** or until further order.

For administrative purposes only, and without surrendering jurisdiction, the appeal remains abated and treated as a closed case until at least October 7, 2013, or until further order of this court. Unless the parties advise this court that the stay has been extended by the receivership court, the appeal will be reinstated after the six-month stay period has expired.

PER CURIAM